Gregory C. KRUG, individually and as a partner in Krug Investments; and as a beneficiary of the Eleanor Baron Krug Q–Tip Trust, Krug Family Trust, Carol E. Krug 1988 Trust, and the Carol E. Krug 1974 Trust, Plaintiff,

v.

AMBROSE, WILSON, GRIMM & DURAND, et al., Defendants.

No. CIV 3–91–0350.

United States District Court, E.D. Tennessee, at Knoxville.

Jan. 19, 1993.

A. Philip Lomonaco, Knoxville, TN, for plaintiff. (Lomonaco later withdrew and Mr. Krug appeared pro se.) (Complaint was filed on June 10, 1991.).

Stephen C. Daves, O'Neil, Parker & Williamson, Knoxville, TN, for Ambrose, Wilson, Grimm and Durand, and William C. Wilson.

Courtney N. Pearre, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Knoxville, TN, for Paul T. Coleman.

## MEMORANDUM OPINION

JORDAN, District Judge.

This civil action is before the court for consideration of the motion for summary judgment filed by the defendants Ambrose, Wilson, Grimm & Durand and William C. Wilson [doc. 52]. The court has considered this motion, the movants' supporting brief with evidentiary material attached [doc. 53], the plaintiff's response with exhibits [doc. 54], and the movants' reply [doc. 57]. The motion is ripe for consideration.

In a December 30, 1992 letter to the undersigned's law clerk, the plaintiff, who appears *pro se* in this civil action, and who resides in California, requests that the court rule on this motion without oral argument. The court has determined from its review of the material filed in support of and in opposition to the motion for summary judgment that oral argument would not assist the court in deciding the issues presented. The court will therefore rule on the motion without hearing oral argument.

This is an action for damages for alleged attorney malpractice. This court's jurisdiction is predicated on diversity of citizenship. 28 U.S.C. § 1332. Tennessee law supplies the applicable substantive law. 28 U.S.C. § 1652. The plaintiff's allegations and theories are stated in the court's pretrial order entered July 29, 1992 [doc. 48], amended by order entered August 10, 1992 [doc. 50], allowing the moving defendants' exceptions [doc. 49] to the pretrial order.

The court concludes that consideration of these defendants' motion for summary judgment requires consideration of only one of the issues raised by them. In support of their motion, these defendants have submitted the affidavit of Fredrich H. Thomforde, Jr. [doc. 53, attachment]. Mr. Thomforde is an attorney who practices his profession in Knoxville, the city in which the moving defendants have their offices. For over a decade, he was a member of the faculty of the University of Tennessee College of Law, where he taught on the subjects of legal ethics, corporations, and partnerships, subjects with particular pertinence to this litigation. He has also dealt with these subjects in the private practice of law, and has spoken on legal ethics issues. The court finds Mr. Thomforde qualified as an expert to render the opinion stated in his affidavit. *See* Fed. R.Evid. 702.

In his affidavit, Mr. Thomforde, mindful that adjudication under Fed.R.Civ.P. 56 requires that all reasonable inferences be drawn in favor of the opponent of a motion for summary judgment, and that reasonable doubts be resolved in the opponent's favor, assumes for the purpose of rendering his opinion that an attorney-client relationship existed between the moving defendants and the plaintiff, which is very much a contested issue in this litigation. Mr. Thomforde's opinion is that the advice given by the defendant William C. Wilson, a partner in the defendant partnership, to the plaintiff was "correct and complie[d] with the standard of care exercised by lawyers of ordinary prudence, care, skill and diligence in this community." Because any liability on the part of the defendant partnership is derivative of any liability on the part of the defendant Mr. Wilson, this opinion addresses the plaintiff's claims against both moving defendants.

The plaintiff's response to these defendants' motion for summary judgment consists of a brief containing his recitation of the background of this litigation and other relevant facts, and numerous exhibits which relate to the facts recited. In response to the moving defendants' argument based on Mr. Thomforde's affidavit, the plaintiff refers to exhibit 26 to his brief, and states that the

ruling of Chancellor William H. Inman in a civil action styled *Eleanor B. Krug, et al. v. Gregory C. Krug, et al.,* No. 105013–2, in the Knox County, Tennessee Chancery Court, establishes that the defendant Mr. Wilson's counselling concerning an arbitration clause in a partnership agreement was negligent. The plaintiff states also his speculation that "[t]he Defendants did not depose [Mr. Thomforde] …, because a deposition of [him] would have permitted [the plaintiff] to cross-examine him and the Defendants are terrified as to how he would testify!"

Exhibit 26 to the plaintiff's brief is an excerpt of the transcript of a hearing held in the litigation which was before the Knox County Chancery Court. During this hearing, Chancellor Inman referred to the arbitration clause in issue as "inartfully drawn", as a clause which "must have been drawn by a layman somewhere else", and as "pretty vague". He noted from the bench, reading a reference in the arbitration clause to "the Superior Court of the State of Tennessee", that no court by this name exists in Tennessee's judicial system.

There is nothing in what the chancellor said, however, which addresses what professional duty, if any, the defendant Mr. Wilson and his law firm owed to the plaintiff, the scope of any such duty, and whether the moving defendants breached any such duty. All of the information in this court's file concerning the litigation in the Knox County Chancery Court shows that no such issue of alleged attorney malpractice was before Chancellor Inman. Even accepting as true, for the purpose of ruling on the Rule 56 motion before the court, the plaintiff's view that there was a client-attorney relationship between him and these defendants, and that the defendants' professional obligation extended to counselling concerning the arbitration clause in the proposed Krug Investments partnership agreement, there is nothing here to establish that an issue exists concerning whether the defendants' failure, if any, to predict or to guard against the chancery court's ultimate ruling that a suit to dissolve the partnership was within its jurisdiction, and not subject to arbitration, was a breach of the applicable standard of professional care.

■ Such a showing is essential to the plaintiff's case here, and must be made with competent expert testimony. *Cleckner v. Dale,* 719 S.W.2d 535, 540 (Tenn.App.), *permission to appeal denied, id.* (Tenn.1986) (citations omitted) (footnotes omitted). The burden of a plaintiff who opposes a motion for summary judgment in a case in which expert testimony is essential to come forward with such testimony at the summary adjudication stage of the litigation, or suffer dismissal for his failure to carry this burden, is now well established. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving defendants had no duty to depose Mr. Thomforde for the plaintiff's benefit. Fed.R.Civ.P. 26(b)(4)(A) and 56(e). The plaintiff had the duty to come forward with opposing expert testimony, to show the existence of a genuine issue of material fact.

The plaintiff has not carried this burden, after a very full opportunity to do so. The result is that the court must grant the moving defendants' motion for summary judgment. It is unnecessary to address the other issues raised by this motion.

The court has previously dismissed the plaintiff's claim against Paul T. Coleman [doc. 37]. The plaintiff sued the defendant Valley Fidelity Bank & Trust Company, according to the pretrial order, for declaratory relief and discovery purposes only. The court will therefore dismiss this civil action in its entirety.

*ORDER*

For the reasons stated in the court's memorandum opinion filed simultaneously with this order, the court finds the motion for summary judgment filed by the defendants Ambrose, Wilson, Grimm & Durand and William C. Wilson [doc. 52] well taken, and it is **GRANTED.** It is **ORDERED** that this civil action is **DISMISSED.**

This civil action being dismissed, the court finds these defendants' motion for a protective order with respect to certain discovery depositions [doc. 55] well taken, and it is

**GRANTED.** The court also finds the motion for a protective order filed by William H. Inman [doc. 58] well taken, and it is **GRANTED.** It is **ORDERED** that there be no further discovery in this civil action.

The court therefore finds the plaintiff's motion to compel certain discovery [doc. 59] not well taken, and it is **DENIED.**

It is **ORDERED** that the hearing on the plaintiff's motion to compel discovery set on Monday, January 25, 1993 is cancelled.